JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 17 2007

FILED
CLERK'S OFFICE

A CERTIFIED TRUE COPY

OCT 17 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: MOTOR FUEL TEMPERATURE
SALES PRACTICES LITIGATION
   Charles D. Jones, et al. v. E-Z Mart Stores, Inc., et al.,
   E.D. Arkansas, C.A. No. 4:07-246

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 23 2007

JAMES W. McCORMACK, CLERK
By: _____
     DEP CLERK

FILED
OCT 22 2007
By: _____ U.S. District Court
MDL No. 1840   Deputy Clerk

## TRANSFER ORDER

Before the entire Panel[*]: Certain defendants[1] in this action move pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its order conditionally transferring the action to the District of Kansas for inclusion in MDL No. 1840. Plaintiffs along with the original MDL No. 1840 moving defendants[2] oppose the motion.

    After considering all counsel's argument, we find that this action involves common questions of fact with actions in this litigation previously transferred to the District of Kansas, and that transfer of this action to the District of Kansas for inclusion in MDL No. 1840 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the District of Kansas was a proper

---

[*] Judges Heyburn, Motz and Vratil took no part in the decision of this matter. In light of the fact that the other members of the Panel could be members of the putative class(es) in this litigation, each Panel member has filed with the Clerk of the Panel a formal renunciation of any claim that he might have as a putative class member thereby removing any basis for a disqualification on that ground. Alternatively, should it be determined for any reason that a disqualification survives the renunciation of any claim, the Panel invokes the Rule of Necessity to decide the matters now before it on the authority of, and for the reasons explained in, *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

[1] E-Z Mart Stores, Inc.; Hess Oil Co.; Frost Petroleum Equipment, LLC; Magness Oil Co.; Petromark, Inc.; Rivercity Energy Company, Inc.; Thomas Petroleum, Inc.; B-B Oil Company, Inc.; Coulson Oil Co.; Diamond State Oil LLC; Freeman Oil Co.; L&L Oil Company, Inc.; Ligon Oil Company, Inc.; La Sher Oil Co.; Port Cities Oil, LLC; Gardner Oil Co., Inc.; Flash Market, Inc.; J&P Flash, Inc.; and Fort Smith Petroleum Equipment, Inc.

[2] ExxonMobil Corp.; Hess Corp.; and Motiva Enterprises LLC.

- 2 -

Section 1407 forum for actions involving claims relating to the sale of motor fuel at temperatures greater than 60 degrees Farenheit. *See In re Motor Fuel Temperature Sales Practices Litigation*, 493 F.Supp.2d 1365 (J.P.M.L. 2007).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable Kathryn H. Vratil for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman[*]  J. Frederick Motz[*]
Robert L. Miller, Jr.            Kathryn H. Vratil[*]
David R. Hansen                  Anthony J. Scirica